*Southern District*
No. R-400 of 1966

## MARY L. ABROTSKY, et al

### v.

## ROBERT J. DONOVAN

*Present*:   Nash, P.J., Owen, Murphy, J.J.

Case tried to *Colton, J.* in the Municipal Court of Brookline, No. R-400 of 1966

*Murphy, J.*  This is an action of contract or tort in which the female plaintiff seeks to re-

cover damages for personal injuries sustained as a consequence of the defendants surgeon's negligence in the performance of an operation on her and negligent treatment thereafter. Her husband, plaintiff Edward Abrotsky, seeks consequential damages. The answer in each case is a general denial and the Statute of Limitations.

The established report sets forth that *at the trial, there was evidence that* the plaintiff, Mary L. Arbotsky, about the middle of February, 1965, while drying herself after taking a shower, discovered a "wire" like object coming out of the area of a scar, left by the operation. She went to the St. Elizabeth's Hospital in Brighton where the defendant was called to the emergency or out-patient room to view the said plaintiff's condition, regarding the object. She testified that he looked at the area from which the object had protruded and stated to her that it was probably a wire suture, and would come out eventually and to let him know if it should show itself again. The said plaintiff was concerned and decided to go to the Massachusetts General Hospital for treatment of this condition on March 9, 1965.

At the trial the following question was asked of the plaintiff in direct examination: "What did they do for you there?" that is, at the Massachusetts General Hospital. The trial judge did not allow the question to be answered and stated, "We would need a doctor to answer

it''. Prior to this, the plaintiff had testified that she was receiving sharp pains in the area, that a lump had formed, and that she had been attended by the defendant following the operation for this condition. There were interrogatories read into evidence which corroborated this fact.

The question was then asked in direct examination, ''Was an object removed from your body?'' The presiding Justice again stated, ''We would need a doctor to answer this question and to see what the object was''. Counsel then inquired of the justice whether or not said witness could identify the object removed simply as *the object removed*, and during an exchange following this question, the court refused to allow the question, whereupon counsel for the plaintiff claimed a report.

The plaintiffs claim to be aggrieved by the ruling of the trial judge in preventing the witness from answering the question set forth above.

Since there is nothing in the record to the contrary, we precede on the theory that the plaintiff has complied with all of the rules relative to his claim of report.

The question and the answer bears directly on the issue, and we think the judge was in error in excluding it. The evidence shows that she had had pain in the area, that there was a lump there, and furthermore, that the doctor had treated her for this condition. She was entitl-

ed to describe the object. This was a personal observation of something germane to the issue. It was firsthand knowledge. *Petitions of Goldman,* 331 Mass. 647.

While the trial judge has broad discretion in allowing or excluding evidence, his discretion, necessarily, has some limitations. This has to be so. *Wigmore Evidence, § 115 — 3rd Edition* and see also *Hughes, Mass. Practice, Volume 19, Chapter 19.*

Counsel in this case wanted to have the plaintiff identify the object as the one which had removed from her body. Obviously, the question was material as well as relevant to the issue, and at that point in the trial, the question and answer would appear to be an important part of the plaintiff's case.

It was harmful error not to allow the question and answer, and there should be a new trial.

An order should be entered to that effect.

ANTHONY G. PELLEGRINI of Brighton,
    for the Plaintiff
CHARLES J. DUNN of Boston,
    for the Defendant